UNITED STATES DISTRICT COURT
                    DISTRICT OF MINNESOTA
                    Cr. No. 08-291(MJD/FLN)

UNITED STATES OF AMERICA,        )
                                 )
                Plaintiff,       )   POSITION OF THE UNITED
                                 )   STATES WITH RESPECT TO
         v.                      )   SENTENCING
                                 )
BRADLEY NEAL CROWDER,            )
                                 )
                Defendant.       )

The probation officer has calculated an advisory guideline range of level 21/category I = 37-46 months. PSR § 66. This is consistent with the plea agreement. The government respectfully requests a sentence within that range.

Crowder may seek a role reduction, but any such request should be denied. Crowder and co-defendant David McKay came up with the idea to make Molotov cocktails together. Each defendant had the same motive for manufacturing Molotov cocktails; namely, to retaliate against the police for seizing their homemade riot shields. Crowder and McKay both went to the Wal-Mart store to purchase materials. Then, using a ruse that their van had run out of gas, Crowder and McKay both talked their host, Freia Fenelon, into driving them to a gas station where they filled a two-gallon gas can. Crowder and McKay made the Molotov cocktails together in Fenelon's apartment later that night. Crowder even helped hide the Molotov cocktails in the basement. T. Crowder Plea at 16. Insofar as the actual manufacture of the Molotov cocktails is concerned,

Crowder's role cannot be said to be any less than that of co-defendant McKay, and he certainly did not play a minor role in the offense.

Crowder also has suggested in a letter to the probation officer that he will seek a departure or variance based on the alleged involvement of the informant in this offense. Any such request should be denied. Crowder admitted when he pled guilty that he was not induced by the informant or anyone else to commit this offense, and McKay's testimony to the contrary at trial has proven to be false.

For the foregoing reasons, the United States requests that the Court impose a sentence within the advisory guideline range of 37-46 months.

Dated: April 20, 2009                Respectfully submitted,

                                     FRANK J. MAGILL, JR.
                                     United States Attorney

                                     *s/Jeffrey S. Paulsen*

                                     BY: JEFFREY S. PAULSEN
                                     Assistant U.S. Attorney
                                     Attorney ID Number 144332